UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

C. P. W. (XXX-XX-4108)                    CIVIL ACTION NO. 09-cv-1814

VERSUS                                    JUDGE WALTER

U. S. COMMISSIONER SOCIAL                 MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

## REPORT AND RECOMMENDATION

C. P. W. ("Plaintiff") applied for disability benefits based on a variety of ailments. She was 32 years old at the alleged onset of disability in December 2006, and she has past work experience as a registered nurse.  ALJ W. Thomas Bundy conducted a hearing and issued a written decision that Plaintiff was not disabled under the regulations.  The Appeals Council denied a request for review, and Plaintiff filed this action seeking judicial review. For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Summary of the ALJ's Decision**

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.  The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there are jobs that

exist in significant numbers that the claimant can perform. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. See Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007).

The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date in December 2006.  He found at step two that Plaintiff has the following severe impairments: diabetes, fibromyalgia, seizures, obesity, hyperglycemia, and depression.  Tr. 11.  He found at step three that Plaintiff's impairments did not meet or equal a listed impairment. Tr. 12.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC").  He found that Plaintiff had the RFC to perform light work, as defined in the regulations,[1] reduced by the ability to climb ramps/stairs, balance, stoop, kneel, crouch, and crawl frequently; the inability to climb ladders, ropes, or scaffolds; moderate limitations in the ability to carry out complex instructions and respond appropriately to usual work situations and to changes in a routine work setting; where "moderate" means there is more than a slight limitation in this area but the individual is still able to function satisfactorily.  Tr. 13.

A vocational expert ("VE") testified that a person with Plaintiff's RFC and other background would not be able to perform the work of a registered nurse.  The ALJ, based on

---

[1]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  20 C.F.R. §§ 404.1567(b) and 416.967(b).  The full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time. Social Security Ruling 83-10.

that testimony, found at step four that Plaintiff could not perform her past relevant work.  He then turned to step five, which asks whether the claimant can perform the demands of other work that is available in significant numbers in the economy.  The VE identified the representative occupation of cashier II (light work; 160,000 jobs in national economy and 3,000 jobs in Louisiana).  The ALJ accepted that testimony and found at step five that Plaintiff was not disabled.  Tr. 18.

**Statement of Errors**

Plaintiff lists a number of errors on appeal: (1) ALJ did not address additional evidence and legal arguments presented to the Appeals Council; (2) ALJ failed to consider whether back and leg pain caused by disc protrusion was a severe impairment; (3) ALJ failed to consider whether fibromyalgia was a severe impairment; (4) ALJ failed to consider whether residuals from carpal tunnel syndrome and right wrist flexor synovitis were severe impairments; (5) ALJ failed to consider limited stamina was a severe impairment; and (6) ALJ erred in rejecting the conclusions in a functional capacity evaluation prepared by physical therapist Steve Allison.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards.  Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990).  "Substantial evidence is more than a scintilla and less than a preponderance.  It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Muse v. Sullivan, 925

F.2d 785, 789 (5th Cir. 1991).  A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination.  Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

### A. Lack of More Detailed Appeals Council Decision

Plaintiff's first issue asserts that the Commissioner failed to specifically address additional evidence and arguments presented to the Appeals Council.  Plaintiff makes this argument in three sentences and does not identify any particular evidence or arguments that were overlooked.  It appears that counsel for Plaintiff did file a letter-brief with the Appeals Council (Tr. 127-30), but it does not appear any new evidence was submitted.

The Appeals Council issued a rather standard opinion that stated briefly it had considered the reasons Plaintiff disagreed with the ALJ's decision but found no basis for changing the decision.  Tr. 2.  Plaintiff has not explained why the absence of a more detailed decision requires reversal in this case.  Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected.  Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988).  Plaintiff has not articulated how the Appeals Council's decision violated her substantial rights.

Plaintiff cites a HALLEX provision for the proposition that Appeals Council must specifically address additional evidence or legal arguments or contentions submitted in connection with a request for review. The undersigned has discussed at length in another decision how that requirement was suspended several years ago, so the lack of such

discussions does not automatically require reversal. Metcalf ex rel. ANM v. Commissioner, 2009 WL 5174368, **4-5 (W.D. La. 2009). The lack of a more specific discussion of Plaintiff's arguments to the Appeals Council does not require reversal in this case, where Plaintiff has not articulated any prejudice.

### B. Fibromyalgia

Plaintiff faults the Commissioner for not considering whether her fibromyalgia was a severe impairment. The ALJ specifically found at step two that fibromyalgia was a severe impairment. Tr. 11. He also found that the fibromyalgia, together with other problems, was sufficient to preclude the performance of medium or heavier work activity. Tr. 16. No further discussion of this issue is required.

### C. Carpal Tunnel and Synovitis

Plaintiff complained of numbness of both hands. She had carpal tunnel release surgery on her left wrist in January 2007, and she returned the next month for surgery on her right wrist. Medical records relevant to those procedures do not indicate any complications or suggest that they were unsuccessful in relieving symptoms. A record made before the right wrist surgery notes the earlier procedure on the left wrist "with relief of her symptoms."Tr. 221-32. The ALJ noted the surgeries and evidence that both hands healed well. Tr. 14. He declined to incorporate any related limitation into the RFC, observing that there was no substantial evidence of complications after the surgeries. Tr. 17.

Plaintiff complains in her brief that the ALJ "erred in failing to consider whether [Plaintiff's] residuals from her carpal tunnel and right wrist flexor synovitis were or was not

severe impairments." She states in the body of the argument that she had no complaints immediately after the surgery but "had left hand numbness and right hand pain." In support, she cites a report made about one month after the second surgery, at a time when the incision was still healing. Tr. 238. Plaintiff did make those complaints then, but she cites no records to show that the problem continued after she healed, and she did not testify at her hearing about any continuing problems in this area. Considering the record as a whole, there were credible evidentiary choices or medical findings to support the ALJ's assessment of the issue, so his decision is supported by substantial evidence.

### D. Back and Leg Pain

Plaintiff argues that the Commissioner erred in failing to consider her back and leg pain, related to disc protrusion and bulging, to be a severe impairment.  The ALJ did not list those impairments among the several he found severe at step two, but he did discuss the claims of spinal problems throughout his decision.  He noted Plaintiff's testimony that she has back pain, for which she has been given injections and takes muscle relaxers.  Tr. 14. He also discussed an October 2006 MRI.  Tr. 14.  The physician's impression was mild central disc protrusion L5-S1 and minimal disc degeneration at L4-5, with very small central disc protrusion but no stenosis.  The three upper lumbar segments were normal.  Tr. 263.

The ALJ also acknowledged that Plaintiff had physical therapy for back pain between October and December 2007.  Tr. 15.  Plaintiff had only three sessions before the therapy was interrupted by a brief illness and a seizure related to diabetes.  After the last visit, Plaintiff reported that her lower back pain "is feeling a lot better," but the therapist referred

Plaintiff to Dr. Broadwell, a rheumatologist, because she continued to report thoracic pain. Tr. 307, 315.

The ALJ also discussed records from the Spine Institute of Louisiana (Tr. 15) which included an MRI and physical examination.  The MRI showed the same issues discussed above, and a normal-appearing thoracic spine with no evidence of advanced disc degeneration.  Plaintiff had received two epidural steroid injections at L5-S1, which provided some relief for her low back symptoms.  Plaintiff was offered another injection and referred for aggressive physical therapy.  Tr. 370-75.  The ALJ also noted a January 2009 MRI that reported significant disc protrusion at L5-S1. Tr. 406-07.

Finally, the ALJ addressed the evaluation performed by Steve Allison, DPT.  Tr. 15. The physical therapist found that Plaintiff was capable of the lifting and carrying demands of light work but had some other restrictions.  Tr. 380.

The ALJ may not have included back and leg pain among the step two severe impairments, but he plainly considered those issues in his decision.  He referred to all of the relevant medical records regarding spine problems, specifically wrote that back pain (together with fibromyalgia, obesity, and diabetes) were sufficient to preclude medium or heavier work, but found that the medical records did not suggest back problems so severe as to be inconsistent with the RFC he found.  Tr. 16-17.  It appears the ALJ did consider the back problems to be step-two "severe impairments" within the meaning of Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985), and he treated them as such within the body of his written decision.  The omission of back and leg pain from the severe impairments listed at

step two was, therefore, a mistake, but it did not affect Plaintiff's substantial rights given the full treatment of the issues in the later steps of the decision.  There is no reversible error with respect to this issue.

### E. Limited Stamina

Plaintiff next argues that the Commissioner erred in failing to consider her limited stamina as a severe impairment.  Plaintiff bases this argument on a line from the consultative examination report from Webb Sentell, Ph.D., which stated that Plaintiff may benefit from psychotherapy for her emotional/psychological concerns, but "the type and chronicity of her health problems will likely continue to limit her ability to perform ADL's and her stamina for gainful employment."  Tr. 402.  That limited stamina was not an independent health problem. Rather, it was a symptom or consequence of the fibromyalgia, obesity, diabetes, back pain, depression, and the other problems that were either specifically recognized as severe impairments or were substantively discussed in the ALJ's decision and taken into account when he fashioned the RFC. Plaintiff has not articulated how, in these circumstances, the omission of limited stamina from the list of severe impairments affected her substantial rights.  Reversal is not warranted with respect to this issue.

### F. Allison Report

Plaintiff's final argument is that Commissioner erred in rejecting the conclusions of physical therapist Dr. Steve Allison.  That report found Plaintiff capable of performing what Allison called restricted-light work, subject to a number of specific functional limitations. For example, he said that Plaintiff could sit but would need to stand and walk for 30 minutes

each hour.  He found that Plaintiff could stand/walk but would need to sit for 30 minutes each hour and could climb stairs or walk on unlevel ground only occasionally.  Tr. 383.  The ALJ rejected Allison's conclusions that were inconsistent with the RFC "because these conclusions are inconsistent with the medical evidence as a whole."  In the alternative, the ALJ reasoned that many of the additional restrictions suggested by Allison would not significantly limit the broad range of work available to Plaintiff.  Tr. 15.

Plaintiff argues that it was error to reject the evaluation merely because it was inconsistent with the RFC determined by the ALJ.  The ALJ did not say that he rejected the conclusions because they were inconsistent but that the rejected the conclusions that were inconsistent with his RFC, and that rejection was because the conclusions were inconsistent with the medical evidence as a whole.

Plaintiff then faults the ALJ for not specifying what medical evidence contradicts the Allison report.  The ALJ may not have recounted all of the medical evidence again at that point in his decision, but he had already discussed at length Plaintiff's medical history, including some disc bulge and back pain.  The ALJ also referenced the RFC assessment by Dr. Gerald Dzurik, a state agency examiner who reviewed the medical records in 2007. Dzurik assessed an RFC for light work, not subject to the additional and rather severe restrictions suggested by Allison.  Tr. 284-91.  Furthermore, the undersigned has noted in a number of decisions that Dr. Allison often finds rather extreme limitations regarding the need to sit, stand, and walk at various intervals. VEs usually testify that such limitations preclude most or all jobs because it means the person is frequently getting up and leaving his work

station for several minutes of each hour.  The undersigned has required a firm and explained foundation in the medical and other evidence for such extraordinary restrictions.  See, e.g., H.M.R. v. Commissioner, 2010 WL 3037258, *3 (W.D. La. 2010); Bell v. Commissioner, 2009 WL 5125418, *3 (W.D. La. 2009).  That foundation is not present in Allison's report or elsewhere in the record. The unexplained finding in his chart of extraordinary limitations do not require reversal in the face of medical records and physician findings that do not suggest such limitations.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **affirmed**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass

v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE